UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENERGY INTELLIGENCE GROUP, INC. and ENERGY INTELLIGENCE GROUP (UK) LIMITED<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>BLACK & VEATCH CORP.<br><br>　　　　　　　　Defendant. | Civil Action No. 14-cv-7033<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR TRIAL BY JURY** |

### PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Energy Intelligence Group, Inc. ("EIG") and Energy Intelligence Group (UK) Limited ("EIG UK") (collectively, "Plaintiffs"), by and through their undersigned counsel, allege the following for their original Complaint against Black & Veatch Corp. ("Defendant") based on personal knowledge and on information and belief as appropriate:

### INTRODUCTION

1.　　Plaintiffs bring this action against Defendant under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act") for, among other things, willful infringement of Plaintiffs' registered copyrights.

### THE PARTIES

2.　　Plaintiff EIG is a Delaware corporation with a principal place of business located at 5 East 37th Street, New York, New York 10016-2807.

3.　　Plaintiff EIG UK is a United Kingdom limited company with a principal place of business located at Interpark House 7, Down Street, London, WC1V 6PW United Kingdom.

4. Upon information and belief, Defendant is a Delaware corporation with its principal place of business located at 11401 Lamar Avenue, Overland Park, Kansas 66211. Defendant is registered to do business in the State of New York as a foreign business entity and operates offices in New York City and Hauppauge, NY.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over causes of action alleging copyright infringement pursuant to Sections 501, *et seq*. of the Copyright Act and 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because Defendant is a foreign business corporation registered to conduct business in the State of New York, maintains offices in the state and has designated CT Corporation System, 111 Eighth Avenue, New York, NY 10011 as an agent for receiving process in New York. Furthermore, upon information and belief, many of the acts of copyright infringement alleged in this Complaint occurred within the State of New York and this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## FACTS

**A.     Plaintiffs' Publications**

8. Plaintiffs and their predecessor-in-interest have been engaged in publishing newsletters and other publications for the highly-specialized global energy industry for over six decades. In particular, Plaintiffs have published the weekly newsletter *Natural Gas Week* ("NGW") since at least as early as 1985.

9. The audience for Plaintiffs' publications, including NGW, consists of individuals with an interest in the oil and gas industries, including bankers, investors, stock market analysts, traders, commodity analysts and others who follow or work in these industries. A copy of the July 21,

2014 issue of NGW (the "July 21, 2014 NGW Copyrighted Work") is attached hereto as Exhibit A.

10. Plaintiffs' focus is on providing original, high-quality articles and analysis relating to the oil and gas industries. Plaintiffs have invested significant time and resources to develop their publications and services, including NGW.

11. Plaintiffs' publications do not feature or have any advertisements or sponsors and Plaintiffs are therefore highly dependent on paid subscriptions to sustain the viability of the publications.

12. Plaintiffs maintain an experienced and knowledgeable editorial staff of approximately sixty (60) reporters, editors, and analysts at seven (7) editorial bureaus located in New York, Washington, D.C., Houston, London, Moscow, Dubai and Singapore.

13. The original content and analysis created by Plaintiffs and included in NGW and their other original publications are valuable assets. Plaintiffs also publish other original publications in addition to NGW, including, but not limited to:

> Energy Compass;
> Energy Intelligence Briefing;
> EI Finance;
> Oil Daily;
> International Oil Daily;
> Jet Fuel Intelligence;
> LNG Intelligence;
> Nefte Compass;
> Nuclear Intelligence Weekly;
> World Gas Intelligence;
> EI New Energy;
> Petroleum Intelligence Weekly;
> Petroleum Intelligence Weekly Data Source;
> Oil Market Intelligence;
> Oil Market Intelligence Data Source;
> Natural Gas Week Data Source;
> NGW's Gas Market Reconnaissance;
> World Gas Intelligence Data Source;
> Nefte Compass Data Source; and

3

       New Energy Data Source.

14.    Plaintiffs have developed an invaluable reputation for their extremely high standards and the reliability of the content of all of their publications, including NGW.

15.    In order for third parties to benefit from Plaintiffs' analytical and creative content contained in NGW and their other publications, Plaintiffs require interested parties to purchase various subscriptions to access the valuable information contained therein.

16.    Interested parties have various subscription options depending on their respective needs. Subscribers typically obtain NGW and Plaintiffs' other publications by e-mail and/or from Plaintiffs' website, which permits password-protected access to current and/or archived issues, pursuant to a subscription or license agreement.

17.    Interested parties that do not maintain a subscription or license agreement may also purchase individual articles appearing in NGW and Plaintiffs' other publications, as well as archived articles, from Plaintiffs. The license fee per article, per copy, for Plaintiffs' publications that are published weekly, such as NGW, is $24.00. The license fee for this Pay-Per-Article service is multiplied by the number of copies required to supply each user of the requested article with an individual copy of the article.

18.    Interested parties that do not maintain a subscription or license agreement may also purchase individual issues of NGW and others of Plaintiffs' publications, as well as archived issues, from Plaintiffs. The license fee per issue, per copy, for Plaintiffs' publications that are published weekly, such as NGW, is $395.00 for the two (2) most recent issues, and $95.00 for older issues. The license fee for this Pay-Per-Issue service is multiplied by the number of copies required to supply each user of the requested issue with an individual copy of the issue.

**B.      Plaintiffs' Copyrights and Notices**

19.     Plaintiffs provide copyright notices and warnings on their website, e-mails, articles and publications, including NGW, so that third parties are aware of Plaintiffs' rights in their publications and works of original authorship (the "Copyright Notice and Warnings").  As an example, the Copyright Notice and Warnings contained in the e-mail transmitting the July 21, 2014 NGW Copyrighted Work state:

> Copyright (c) 2014 Energy Intelligence Group, Inc.  All rights reserved.
>
> Reproduction or distribution internally or externally in any manner (photostatically, electronically, or via facsimile), including by sharing printed copies, or forwarding or posting on local- and wide-area networks and intranets, or sharing user name and password, is strictly prohibited without appropriate license from Energy Intelligence – contact CustomerService@energyintel.com for more information.

A true and accurate copy of the Copyright Notice and Warnings contained in the email transmitting the July 21, 2014 NGW Copyrighted Work is attached hereto as Exhibit B.

20.     As an additional representative example, the Copyright Notice and Warnings on the front cover of the July 21, 2014 NGW Copyrighted Work specifically state: "Copyright © 2014 Energy Intelligence Group.  All rights reserved.  Unauthorized access or electronic forwarding, even for internal use, is prohibited." (Exhibit A).

21.     As a further representative example, the Copyright Notice and Warnings in the masthead of the July 21, 2014 NGW Copyrighted Work specifically state:

> Copyright © 2014 by Energy Intelligence Group, Inc. . . . .  All rights reserved. Access, distribution and reproduction are subject to the terms and conditions of the subscription agreement and/or license with Energy Intelligence Group. Access, distribution, reproduction or electronic forwarding not specifically defined and authorized in a valid subscription agreement or license with Energy Intelligence is willful copyright infringement.  Additional copies of individual articles may be obtained by using the pay-per-article feature offered at www.energyintel.com.

(Exhibit A at 15).

22. Based upon these representative examples of the Copyright Notice and Warnings, Plaintiffs are in compliance with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401. Accordingly, Defendant knew or should have known that the July 21, 2014 NGW Copyrighted Work and all other issues of NGW received by Defendant and/or its predecessor in interest (hereinafter collectively referred to as the "NGW Copyrighted Works") were protected by the U.S. copyright laws.

23. Having complied with the copyright notice requirements set forth in the Copyright Act, 17 U.S.C. § 401, Plaintiffs provide Defendant with complete and proper notice of Plaintiffs' copyright rights.

24. Among other copyright registrations, Plaintiffs are the owners of the following U.S. Copyright Registrations for the NGW Copyrighted Works, attached hereto as Exhibit C.

- No. TX 6-019-422 for Volume 20 covering 5 works published in August 2004;
- No. TX 6-055-368 for Volume 20 covering 4 works published in September 2004;
- No. TX 6-055-369 for Volume 20 covering 4 works published in October 2004;
- No. TX 6-099-345 for Volume 20 covering 5 works published in November 2004;
- No. TX 6-099-346 for Volume 20 covering 4 works published in December 2004;
- No. TX 6-124-328 for Volume 21 covering 5 works published in January 2005;
- No. TX 6-124-328 for Volume 21 covering 4 works published in February 2005;
- No. TX 6-146-619 for Volume 21 covering 4 works published in March 2005;
- No. TX 6-146-621 for Volume 21 covering 4 works published in April 2005;
- No. TX  6-171-990 for Volume 21 covering 5 works published in May 2005;
- No. TX 6-203-948 for Volume 21 covering 4 works published in June 2005;
- No. TX 6-208-574 for Volume 21 covering 4 works published in July, 2005;
- No. TX 6-224-841 for Volume 21 covering 5 works published in August 2005;
- No. TX 6-227-288 for Volume 21 covering 4 works published in September 2005;
- No. TX 6-210-695 for Volume 21 covering 5 works published in October 2005;
- No. TX 6-253-488 for Volume 21 covering 4 works published in November 2005;
- No. TX 6-340-917 for Volume 21 covering 4 works published in December 2005;
- No. TX 6-300-732 for Volume 22 covering 5 works published in January 2006;
- No. TX 6-704-758 for Volume 22 covering 5 works published in January 2006;
- No. TX 6-310-976 for Volume 22 covering 4 works published in February 2006;
- No. TX 6-313-729 for Volume 22 covering 4 works published in March 2006;
- No. TX 6-346-012 for Volume 22 covering 4 works published in April 2006;
- No. TX 6-425-309 for Volume 22 covering 5 works published in May 2006;

- No. TX 6-397-450 for Volume 22 covering 4 works published in June 2006;
- No. TX 6-481-098 for Volume 22 covering 5 works published in July 2006;
- No. TX 6-431-292 for Volume 22 covering 4 works published in August 2006;
- No. TX 6-461-778 for Volume 22 covering 4 works published in September 2006;
- No. TX 6-462-612 for Volume 22 covering 5 works published in October 2006;
- No. TX 6-481-839 for Volume 22 covering 4 works published in November 2006;
- No. TX 6-508-176 for Volume 22 covering 4 works published in December 2006;
- No. TX 6-506-664 for Volume 23 covering 5 works published in January 2007;
- No. TX 6-543-916 for Volume 23 covering 4 works published in February 2007;
- No. TX 6-549-388 for Volume 23 covering 4 works published in March 2007;
- No. TX 6-575-678 for Volume 23 covering 5 works published in April 2007;
- No. TX 6-611-061 for Volume 23 covering 4 works published in May 2007;
- No. TX 6-626-472 for Volume 23 covering 4 works published in June 2007;
- No. TX 6-626-467 for Volume 23 covering 5 works published in July 2007;
- No. TX 6-628-383 for Volume 23 covering 4 works published in August 2007;
- No. TX 6-628-382 for Volume 23 covering 4 works published in September 2007;
- No. TX 6-628-331 for Volume 23 covering 5 works published in October 2007;
- No. TX 6-678-738 for Volume 23 covering 4 works published in November 2007;
- No. TX 6-663-237 for Volume 23 covering 5 works published in December 2007;
- No. TX 6-647-648 for Volume 24 covering 4 works published in January 2008;
- No. TX 6-666-153 for Volume 24 covering 4 works published in February 2008;
- No. TX 6-666-163 for Volume 24 covering 5 works published in March 2008;
- No. TX 6-677-871 for Volume 24 covering 4 works published in April 2008;
- No. TX 6-677-866 for Volume 24 covering 4 works published in May 2008;
- No. TX 6-648-005 for Volume 24 covering 5 works published in June 2008;
- No. TX 6-648-174 for Volume 24 covering 4 works published in July 2008;
- No. TX 6-679-301 for Volume 24 covering 4 works published in August 2008;
- No. TX 6-678-883 for Volume 24 covering 5 works published in September 2008.
- No. TX 6-682-028 for Volume 24 covering 4 works published in October 2008;
- No. TX 6-682-711 for Volume 24 covering 4 works published in November 2008;
- No. TX 6-682-712 for Volume 24 covering 5 works published in December 2008;
- No. TX 6-684-566 for Volume 25 covering 4 works published in January 2009;
- No. TX 6-769-898 for Volume 25 covering 4 works published in February 2009;
- No. TX 6-688-108 for Volume 25 covering 5 works published in March 2009;
- No. TX 6-688-109 for Volume 25 covering 4 works published in April 2009;
- No. TX 6-701-336 for Volume 25 covering 4 works published in May 2009;
- No. TX 6-701-326 for Volume 25 covering 5 works published in June 2009;
- No. TX 6-684-720 for Volume 25 covering 4 works published in July 2009;
- No. TX 6-684-728 for Volume 25 covering 5 works published in August 2009;
- No. TX 6-769-308 for Volume 25 covering 4 works published in September 2009;
- No. TX 6-769-307 for Volume 25 covering 4 works published in October 2009;
- No. TX 6-778-050 for Volume 25 covering 5 works published in November 2009;
- No. TX 6-778-038 for Volume 25 covering 4 works published in December 2009;
- No. TX 6-716-600 for Volume 26 covering 4 works published in January 2010;

- No. TX 6-716-590 for Volume 26 covering 4 works published in February 2010;
- No. TX 6-781-009 for Volume 26 covering 5 works published in March 2010;
- No. TX 6-776-728 for Volume 26 covering 4 works published in April 2010;
- No. TX 6-716-400 for Volume 26 covering 5 works published in May 2010;
- No. TX 6-608-141 for Volume 26 covering 4 works published in June 2010;
- No. TX 6-778-526 for Volume 26 covering 4 works published in July 2010;
- No. TX 6-716-398 for Volume 26 covering 5 works published in August 2010;
- No. TX 6-777-324 for Volume 26 covering 4 works published in September 2010;
- No. TX 6-718-335 for Volume 26 covering 4 works published in October 2010;
- No. TX 6-782-086 for Volume 26 covering 5 works published in November 2010;
- No. TX 6-782-088 for Volume 26 covering 4 works published in December 2010;
- No. TX 6-782-087 for Volume 27 covering 5 works published in January 2011;
- No. TX 6-782-084 for Volume 27 covering 4 works published in February 2011;
- No. TX 6-781-709 for Volume 27 covering 4 works published in March 2011;
- No. TX 6-781-708 for Volume 27 covering 4 works published in April 2011;
- No. TX 6-782-085 for Volume 27 covering 5 works published in May 2011;
- No. TX 6-782-083 for Volume 27 covering 4 works published in June 2011;
- No. TX 6-782-121 for Volume 27 covering 4 works published in July 2011;
- No. TX 7-548-482 for Volume 27 covering 5 works published in August 2011;
- No. TX 7-548-479 for Volume 27 covering 4 works published in September 2011;
- No. TX 7-548-471 for Volume 27 covering 5 works published in October 2011;
- No. TX 7-548-402 for Volume 27 covering 4 works published in November 2011;
- No. TX 7-548-383 for Volume 27 covering 4 works published in December 2011;
- No. TX 7-548-409 for Volume 28 covering 5 works published in January 2012;
- No. TX 7-548-677 for Volume 28 covering 4 works published in February 2012;
- No. TX 7-548-678 for Volume 28 covering 4 works published in March 2012;
- No. TX 7-548-675 for Volume 28 covering 5 works published in April 2012;
- No. TX 7-548-457 for Volume 28 covering 4 works published in May 2012;
- No. TX 7-547-966 for Volume 28 covering 4 works published in June 2012;
- No. TX 7-547-965 for Volume 28 covering 3 works published in July 2012;
- No. TX 7-664-057 for Volume 28 covering 2 works published in July 2012;
- No. TX 7-615-848 for Volume 28 covering 4 works published in August 2012;
- No. TX 7-614-509 for Volume 28 covering 4 works published in September 2012;
- No. ------------------ for Volume 28 covering 5 works published in October 2012 (application pending);
- No. ------------------ for Volume 28 covering 4 works published in November 2012 (application pending);
- No. TX 7-690-101 for Volume 28 covering 5 works published in December 2012;
- No. TX 7-690-170 for Volume 29 covering 4 works published in January 2013;
- No. TX 7-707-489 for Volume 29 covering 4 works published in February 2013;
- No. TX 7-704-668 for Volume 29 covering 4 works published in March 2013;
- No. TX 7-729-230 for Volume 29 covering 5 works published in April 2013;
- No. TX 7-732-224 for Volume 29 covering 4 works published in May 2013;
- No. TX 7-729-068 for Volume 29 covering 4 works published in June 2013;

- No. ----------------- for Volume 29 covering 5 works published in July 2013 (application pending);
- No. ----------------- for Volume 29 covering 4 works published in August 2013 (application pending);
- No. ----------------- for Volume 29 covering 5 works published in September 2013 (application pending);
- No. TX 7-808-532 for Volume 29 covering 4 works published in October 2013;
- No. ----------------- for Volume 29 covering 4 works published in November 2013 (application pending);
- No. TX 7-809-217 for Volume 29 covering 5 works published in December 2013;
- No. TX 7-875-065 for Volume 30 covering 4 works published in January 2014;
- No. TX 7-890-593 for Volume 30 covering 4 works published in February 2014;
- No. ----------------- for Volume 30 covering 5 works published in March 2014 (application pending);
- No. 7-890-783 for Volume 30 covering 4 works published in April 2014;
- No. ----------------- for Volume 30 covering 4 works published in May 2014 (application pending);
- No. ----------------- for Volume 30 covering 5 works published in June 2014 (application pending);
- No. ----------------- for Volume 30 covering 4 works published in July 2014 (application pending);
- No. ----------------- for Volume 30 covering 4 works published in August 2014 (application pending);
- No. ----------------- for Volume 30 covering 5 works published in September 2014 (application pending);
- No. ----------------- for Volume 30 covering 4 works published in October 2014 (application pending); and
- No. ----------------- for Volume 30 covering 4 works published in November 2014 (application pending).

**C.    Defendant's Subscription History**

25.    Defendant and/or its predecessor-in-interest has subscribed to NGW since at least as early as 1992.

26.    On December 20, 1992, Defendant's predecessor-in-interest, R.J. Rudden & Associates, Inc. ("R.J. Rudden"), entered into a single-copy subscription to receive NGW from Plaintiffs by print delivery.

27.    R.J. Rudden continued to maintain its single copy print subscription to NGW from December 20, 1992 through September 14, 2001.

28. On or about February 10, 1997, R.J. Rudden renewed its single copy subscription agreement for NGW. At this time, R.J. Rudden changed the individual designated to receive its single copy subscription to NGW from Russell Feingold to John Little, and changed the delivery address from 425 First Avenue, Pittsburgh, PA 15219 to 898 Veteran's Highway #430, Hauppauge, New York 11788.

29. On September 14, 2001, R.J. Rudden renewed its single copy subscription agreement for NGW and elected to receive NGW by email delivery of a PDF attachment.

30. R.J. Rudden maintained its subscription through January 23, 2006.

31. Upon information and belief, R.J. Rudden was acquired by Defendant in 2005 and merged into Defendant's management consulting business.

32. On January 23, 2006, Defendant contacted Plaintiffs regarding R.J. Rudden's NGW subscription, electing to change the subscriber from R.J. Rudden to Black & Veatch Corp. Defendant also changed the name and email address of the individual designated to receive its single copy subscription to NGW to Diana Peterson and petersondl@bv.com, respectively.

33. Upon information and belief, on January 23, 2006, Ms. Peterson was employed by Black & Veatch Corp. in Defendant's Hauppauge, New York office.

34. Ms. Peterson remained the individual designated to receive Defendant's single copy subscription to NGW from January 23, 2006 through June 17, 2010 and received NGW by email delivery of a PDF attachment.

35. Defendant's single copy subscription to NGW was suspended for nonpayment on September 15, 2006, and cancelled on October 2, 2006. The subscription was reinstated on October 30, 2006.

36. Defendant's single copy subscription to NGW was again suspended for nonpayment on October 3, 2008, and cancelled on October 17, 2008. The subscription was reinstated on November 3, 2008.

37. Defendant's subscription to NGW was again suspended for nonpayment on November 27, 2009 and cancelled on December 11, 2009. The subscription was reinstated on December 22, 2009.

38. On June 17, 2010, Defendant notified Plaintiffs that Ms. Peterson had left the company and elected to change the name and email address of the individual designated to receive Defendant's single copy subscription to NGW to Edwin Anderson and andersonep@bv.com, respectively.

39. Upon information and belief, Mr. Anderson is a "principal" of Black & Veatch Corp. based out of Defendant's Hauppauge, New York office who provides consulting support to natural gas and electric utilities.

40. Mr. Anderson has remained the individual designated to receive Defendant's single copy subscription to NGW from June 17, 2010 to the present.

41. Defendant's subscription to NGW was again suspended for nonpayment on November 4, 2011 and cancelled on November 28, 2011. The subscription was reinstated on February 24, 2012.

42. Defendant's current single copy subscription to NGW expires on February 2, 2015.

43. Since September 14, 2001, Defendant and/or its predecessor-in-interest has received one (1) copy of NGW per week by PDF attachment to an email, excluding the periods when Defendant's subscription to NGW was suspended and/or cancelled.

44. Since as early as 1992, Plaintiffs have transmitted to Defendant and/or its predecessor-in-interest an invoice and subscription agreement on an annual basis for renewal of its single copy subscription to NGW.

45. The invoice and subscription agreement for Defendant's single copy subscription to NGW in effect on July 21, 2014, attached hereto as Exhibit D (the "NGW Agreement"), specifically states that "[b]y payment hereof, you hereby acknowledge receipt, review and acceptance of Energy Intelligence's Terms and Conditions shown on the reverse side of this notice."  (Exhibit D at 1)

46. The NGW Agreement further states in part: "All unauthorized reproductions, or disseminations or other uses of material contained in the EIG Services shall be deemed willful infringement of EIG's copyright and/or other proprietary and intellectual property rights." (Exhibit D at 2).

47. No agreement has ever authorized Defendant and/or its predecessor-in-interest to copy, transmit or distribute issues of the NGW Copyrighted Works, including the July 21, 2014 NGW Copyrighted Work, in violation of Plaintiffs' registered copyrights.

**D.**     **Defendant's Infringement of Plaintiffs' Copyrighted Works**

48. On May 19, 2014, EIG employee Alex Karim received an email from Ms. Ann Donnelly asking how much a subscription to NGW would cost.  Mr. Karim forwarded the email to another EIG employee, Derrick Dent, asking him to follow up on the request.

49. On May 20, 2014, Mr. Dent called Ms. Donnelly in response to her request.  During the call, Ms. Donnelly told Mr. Dent that she was familiar with NGW and still received it from Defendant, her former employer.

50. Upon information and belief, at some point before May 20, 2014, Ms. Donnelly had been employed by Defendant as a Director based in Portland, Oregon.

12

51. Ms. Donnelly explained on the phone call that she had been receiving NGW from Defendant by email on a weekly basis for quite some time as part of a group of individual recipients.

52. Ms. Donnelly further explained that she had contacted Plaintiffs to inquire as to the price of an NGW subscription because she was planning to start her own business.

53. Mr. Dent followed up by phone on May 22, 2014 and again on May 30, 2014 regarding Ms. Donnelly's possible purchase of a subscription. Ms. Donnelly indicated that she would have to make a decision soon because she would stop receiving NGW from Defendant in August 2014.

54. Mr. Dent followed up with Ms. Donnelly again by phone on July 16, 2014. When Mr. Dent asked Ms. Donnelly if she was still receiving NGW from Defendant, she confirmed that she was and indicated that the August 4, 2014 issue was the last one she expected to receive from Defendant.

55. During the call, Mr. Dent requested that Ms. Donnelly send him a copy of the publication she received from Defendant so that he could confirm its identity as Plaintiffs' publication. Ms. Donnelly declined to send it, but indicated during a subsequent July 21, 2014 phone call with Mr. Dent that there was no question it was Plaintiffs' NGW publication.

56. On July 25, 2014, one of EIG's employees, Jessie Sims, sent an email to Edwin Anderson, the individual designated to receive Defendant's single copy subscription to NGW, notifying him that Plaintiffs were aware that Defendant may be copying and forwarding NGW to its own employees and possibly third parties, and warning that such conduct was prohibited by the subscription agreement and by copyright law. (Exhibit E).

57. That same day, Mr. Sims spoke on the phone with Mr. Anderson and asked him to conduct an internal investigation into the extent of Defendant's infringement of NGW. Mr.

13

Anderson replied that if any infringement had taken place it could be stopped, and asked how much it would cost to add additional copies to the subscription.

58.     In response, Mr. Sims said that it would be difficult to discuss the matter further until Defendant had conducted an internal investigation.

59.     On or around July 29, 2014, Mr. Sims received a voicemail message from Mr. Bill McAleb regarding Mr. Sims' conversation with Mr. Anderson.

60.     Upon information and belief, Mr. McAleb is a Managing Director of Defendant's management consulting division and is based in Denver.

61.     On August 7, 2014, Mr. Karim and Mr. Sims called Mr. McAleb to discuss Defendant's single-copy subscription to NGW.  During the call Mr. McAleb informed Mr. Sims and Mr. Karim, for the first time, that infringement of NGW had taken place at Black & Veatch Corp., but that once it was brought to their attention they had put a stop to it.

62.     Mr. McAleb further informed Mr. Sims and Mr. Karim on the call that NGW had been forwarded to approximately 5-6 people, and that this forwarding had only occurred over a period of approximately 2-3 months.

63.     Mr. Karim told Mr. McAleb that before proceeding further, Plaintiffs would need to discuss the matter internally and get back to him.

64.     On August 8, 2014, Mr. Sims sent an email to Mr. McAleb asking him to confirm that his description of Defendant's forwarding of NGW during their August 7, 2014 phone call had accurately described the full scope of the infringement, and asking how many copies of NGW Defendant required going forward.  As of the filing of this Complaint, Plaintiffs have received no further response from Defendant.

65. Mr. Dent's phone call with Ms. Donnelly on or about May 20, 2014 was the first time that Plaintiffs learned that Defendant was engaged in unauthorized copying and distribution of the NGW Copyrighted Works.

66. Upon information and belief, Defendant and/or its predecessor-in-interest has been regularly and systematically reproducing, distributing and downloading copies of the NGW Copyrighted Works and the articles contained therein since at least as early as September 14, 2001.

67. Upon information and belief, Defendant's email systems are highly secure and only those individuals or entities that Defendant designates may access the system.

68. Upon information and belief, Defendant's email system cannot be accessed by the general public or by Plaintiffs.

69. Upon information and belief, Defendant actively, fraudulently, and willfully concealed its regular and systematic reproduction and distribution of copies of the NGW Copyrighted Works and the articles contained therein.

70. Upon information and belief, Defendant's actions of reproducing and distributing copies of the NGW Copyrighted Works constitutes willful infringement of Plaintiffs' valid and subsisting copyrights in the NGW Copyrighted Works and the articles therein.

## CAUSE OF ACTION

### COUNT ONE
### (COPYRIGHT INFRINGEMENT
### OF THE NGW COPYRIGHTED WORKS)

71. Plaintiffs repeat and allege Paragraphs 1 through 70 as though fully set forth herein.

72. Plaintiffs were and are the exclusive holders of all rights, title and interest in the NGW Copyrighted Works and the articles, as separate and distinct works contained therein, and are the owners of valid copyright registrations for the NGW Copyrighted Works (*see* Exhibit C).

15

...

73. Each entire publication and the articles contained in the NGW Copyrighted Works are highly original and contain creative expression and independent analysis (*see* Exhibit A).

74. Copies of the NGW Copyrighted Works and the articles contained therein were made available to and were received by Defendant and/or its predecessor-in-interest pursuant to single copy subscription agreements.

75. Upon information and belief, Defendant and/or its predecessor-in-interest has for years willfully copied and distributed copies of the NGW Copyrighted Works and the articles contained therein on a consistent and systematic basis, and concealed these activities from Plaintiffs.

76. Based upon the inclusion of the Copyright Notice and Warnings contained in each of Plaintiffs' publications, the language in the subscription agreements and the various warnings contained in each of Plaintiffs' publications, including the NGW Copyrighted Works and the daily transmittal cover emails, Defendant and/or its predecessor-in-interest knew and/or was on notice that the NGW Copyrighted Works are protected by copyright laws, and Defendant is therefore unable to assert a defense of innocent infringement. *See* 17 U.S.C. § 401(d).

77. Defendant and/or its predecessor-in-interest's single copy subscription agreements to the NGW Copyrighted Works prohibit any copying and distributing of any NGW work, including the July 21, 2014 NGW Copyrighted Work, and any articles contained therein.

78. Upon information and belief, Defendant and/or its predecessor-in-interest willfully infringed the copyrights in the NGW Copyrighted Works and the articles contained therein, by acting with knowledge that its actions constituted infringement, or at least with reckless disregard of the possibility that the conduct complained about constitutes infringement.

79. Defendant's aforesaid acts violate Plaintiffs' exclusive rights under § 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of

Plaintiffs' copyrights in the NGW Copyrighted Works and the articles contained therein. Defendant's past and continuing copying, transmitting and distributing of Plaintiffs' NGW Copyrighted Works and the articles contained therein, constitute a willful, deliberate and ongoing infringement of Plaintiffs' copyrights and are causing irreparable harm and damage to Plaintiffs.

80.     Plaintiffs have no adequate remedy at law.

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

WHEREFORE, Plaintiffs demand judgment against Defendant on the foregoing claims as follows:

(1)     That Defendant, its directors, officers, agents, subsidiaries and affiliates and all persons acting by, through, or in concert with any of them, be permanently enjoined from using and infringing any copyrights of Plaintiffs in any manner, and from copying, exhibiting, transmitting, displaying, distributing or preparing derivative works from any of the copyrighted material in any past, present or future issue of NGW including the NGW Copyrighted Works and the articles contained therein;

(2)     That Defendant be required to pay to Plaintiffs such actual damages as they have sustained and/or statutory damages as a result of Defendant's copyright infringement pursuant to 17 U.S.C. § 504;

(3)     That Defendant be required to account for and disgorge to Plaintiffs all gains, profits, and advantages derived from its copyright infringement pursuant to 17 U.S.C. § 504;

(4)     That Defendant be required to pay Plaintiffs an award of statutory damages, which should be increased due to Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2);

(5) That the Court issue an Order requiring Defendant to hold harmless and indemnify Plaintiffs from any claim(s) raised by any third party who allegedly relied upon any of Plaintiffs' publications it received as a result of Defendant's unauthorized use of Plaintiffs' copyrighted materials;

(6) That the Court enter judgment against Defendant in favor of Plaintiffs for all claims, including pre- and post-judgment interest, as allowed by law;

(7) That the Court enter judgment against Defendant finding that its unlawful copying, transmitting, and distribution of the NGW Copyrighted Works and the articles contained therein is willful;

(8) That Defendant be ordered to pay to Plaintiffs their costs in this action along with reasonable attorneys' fees;

(9) That Plaintiffs be granted such further relief as the Court deems just and proper; and

(10) That Defendant be ordered to disclose to Plaintiffs all third parties who received NGW from Defendant's employee(s).

Respectfully submitted,

Dated: December 3, 2014    By: /s/ Robert L. Powley
Robert L. Powley (RP7674)
James M. Gibson (JG9234)
Matthew F. Abbott (MA1025)

POWLEY & GIBSON, P.C.
304 Hudson Street, Suite 202
New York, New York 10013
Telephone: (212) 226-5054
Facsimile: (212) 226-5085
rlpowley@powleygibson.com
jmgibson@powleygibson.com
mfabbott@powleygibson.com

Counsel for Plaintiffs
ENERGY INTELLIGENCE GROUP, INC. and
ENERGY INTELLIGENCE GROUP (UK)
LIMITED